**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Thomas CRIBBS, also known
as Tommy Cribbs, Defendant–
Appellant.**

No. 01–5208.

United States Court of Appeals,
Sixth Circuit.

Jan. 2, 2002.

Before SILER and BATCHELDER,
Circuit Judges; HOOD, District Judge.*

*ORDER*

James Thomas Cribbs, a federal prisoner, appeals the sentence imposed upon his guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Both parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Cribbs was indicted on the count described above, along with another count of felon in possession of a firearm and one count of felon in possession of ammunition. On August 3, 2000, he pleaded guilty to count 2 of the indictment pursuant to a written plea agreement. The district court sentenced Cribbs on January 30, 2001, to 37 months in prison and three years of supervised release. In addition, the court imposed a $28,000 fine. This sentence was based upon a total offense level of 14 (which included a three-level reduction for acceptance of responsibility, a four-level reduction for substantial assistance, and a one-level enhancement for possessing three firearms) and a criminal history category of VI. Cribbs was sentenced at the low end of the resulting guidelines sentencing range of 37–46 months. The judgment was entered the same day.

On appeal, Cribbs argues that the district court erred in enhancing his offense level for three firearms.

Upon review, we affirm the judgment because the court did not clearly err by finding that Cribbs constructively pos-

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

sessed the two firearms involved in count 1 of the indictment and properly found such possession to be relevant conduct for purposes of his sentence calculation.

The district court's determination of the number of firearms involved in a crime is a finding of fact that will not be disturbed unless found to be clearly erroneous. *See United States v. Davis*, 981 F.2d 906, 911–12 (6th Cir.1992). Cribbs has failed to show that the district court's judgment reflects clear error. A factual finding is clearly erroneous when, though there is evidence to support the finding, the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Ables*, 167 F.3d 1021, 1035 (6th Cir.1999). If the court's finding is plausible in light of the record viewed in its entirety, the reviewing court "may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

The district court did not err in finding that Cribbs was in constructive possession of the firearms that were the subject of count 1. "Both actual and constructive possession satisfy the possession element of 18 U.S.C. § 922(g)." *United States v. Bingham*, 81 F.3d 617, 634 (6th Cir.1996). "Constructive possession of an item is the ownership or dominion or control over the item itself, or dominion over the premises where the item is located." *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir.1996) (internal citation omitted). The district court found that Cribbs was in constructive possession of the guns in question because he was the driver of the truck in which they were found and they were readily available to him. Since Cribbs was in possession of three firearms, the district court properly applied USSG § 2K2.1(b)(1)(A) to enhance his offense level.

Accordingly, the district court's judgment, entered on January 30, 2001, is affirmed.